TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Plaintiff
CHRIS PRINCIPE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS PRINCIPE,<br><br>              Plaintiff,<br><br>       v.<br><br>TIMOTHY GLEN CURRY A/K/A TIMOTHY TAYSHUN,<br><br>              Defendant. | Case No. 8:17-cv-00608 JLS (KESx)<br><br>**PLAINTIFF CHRIS PRINCIPE'S RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION** |

Plaintiff Chris Principe ("Plaintiff") files this response to the Court's Order to Show Cause re Dismissal For Lack of Prosecution dated July 6, 2017, and for the reasons stated, respectfully requests that the Court extend the time for service pursuant to Fed. R. Civ. P. 4(m) and allow service by private Facebook message pursuant to Fed. R. Civ. P. 4(e)(1) and Cal. Code Civ. P. §413.30.

**I.    INTRODUCTION**

On April 4, 2017, Plaintiff filed its complaint in this action for defamation and intentional interference against Defendant Timothy Glen Curry aka Timothy Tayshun ("Defendant"). Plaintiff alleges that Defendant defamed Plaintiff in Tweets at

*@ezcoinaccess*, as well as in frequent comments on the BehindMLM blog posts found at *behindmlm.com*. (Complaint, ¶¶ 21, 22 and 31-43).

Based on a private investigator's report, Plaintiff discovered that Tim Tayshun's legal name is Timothy Glen Curry. Defendant's father is Glen J. Curry, a prominent Southern California Pastor and radio personality associated with the Pillars of Faith Ministries. Plaintiff also discovered that Defendant either resides in San Clemente, California or Rancho Santa Margarita, California.[1] Declaration of Howard A. Kroll ("Kroll Dec."), ¶ 2.

On April 5, 2017, Plaintiff made its first attempt to serve Defendant at the residence in San Clemente. Plaintiff made other attempts to serve Defendant at this address on April 6, 7, 8, 9, 12, 13, 14, 15 and 16, but was unsuccessful. Kroll Dec., ¶ 3. Upon further investigation, it was determined that Defendant no longer resides at either San Clemente or Rancho Santa Margarita. This investigation, which is still ongoing, has been unable to find any location at which Defendant resides or works, although attempts to personally serve Defendant through other means continues. Kroll Dec., ¶ 4.

Although Plaintiff has made multiple unsuccessful attempts to serve Defendant within the 90 day limit required under Fed. R. Civ. P. 4(m), Plaintiff attempted to resolve the matter directly by seeking contact with Defendant by email and by private Facebook message.

First, on May 4, 2017, Plaintiff's counsel, Howard Kroll, attempted to contact Defendant by email at *timtayshun@ezcoinaccess.com*, but received a delivery failure notification. Kroll Dec., ¶ 5.

Second, Defendant's Facebook name is Tim Tayshun and it has a picture of him in front of a "Wheel of Bitcoin." On May 4, Mr. Kroll sent a copy of the complaint attached to a private Facebook message to Defendant's Facebook account. Kroll Dec., ¶ 6. This contact was successful because Defendant responded to this message and maintained a correspondence with Mr. Kroll. Defendant has acknowledged the

---

[1] Due to considerations of confidentiality, the address of these locations are not listed. Plaintiff will provide those addresses to the Court if the Court requests them.

2

complaint filed against him in these private Facebook messages with Mr. Kroll, but has yet to sign the Waiver of Service of Summons that was also attached by Mr. Kroll to one of his private Facebook messages. Defendant also has (1) commented on the BehindMLM blog posts that he had been sued, (2) attached a link to the complaint to one of his comments, (3) stated that the suit had no value, (4) confirmed that he has retained and consulted with counsel to represent him, and (5) was aware of the 90-day requirement to be served under Rule 4.

Since Defendant has no intention of signing the Waiver of Service of Summons, and has avoided service, Plaintiff respectfully requests that the Court extend the time for service and allow Plaintiff to serve Defendant via private Facebook message so that this lawsuit can properly commence.

## II.   STATEMENT OF FACTS

On May 5, 2017, Mr. Kroll sent the following private message to Defendant's Facebook account.[2]

> Mr. Curry/Tayshun,
>
> My name is Howard Kroll and I am the attorney representing Chris Principe in his lawsuit against you for defamation and intentional interference with contractual relations. I have attached a copy of the complaint for your review. Please give me a call at 213.430.3365 to discuss. Thanks.
>
> Howard

On May 5, 2017, Defendant responded to Mr. Kroll's Facebook message with the following message:

> Thanks, but you may want to do a little more homework on your client and his involvement with Ruja Ignatova and the Onecoin FAKE cryptocurrency before attempting to involve me

---

[2] A copy of the exchange of messages between Mr. Kroll and Defendant on Facebook is attached to the Kroll Dec. as Exhibit 1.

3

in a frivolous lawsuit and false Accusations. Discovery works both ways, doesn't it?

Mr. Kroll responded:

Yes, discovery works both ways. When are you free to discuss this?

Defendant then responded:

Let me speak with my attorney and I'll let you know. That said, I'm 100% confident in my defense and look forward to this exciting opportunity. Oh, and thank you. I appreciate it, as this is definitely "news-worthy information." So, expect it to go viral internationally and to help expedite the taking down of the massive Onecoin SCAM, as well as its many accomplices in the promotion of this scam, which absolutely includes your client, Chris Principe.

Mr. Kroll then attached a Waiver Of Service Of Summons (requesting a signature 60 days from May 5) to the Facebook message with the following comment:

Looking forward to it. In the meantime, I have attached a waiver of service of summons. Please sign and return so we can get this case rolling. Thanks.

In response, Defendant posted a large emoji of a "Thumbs Up." He also linked to a YouTube video of Plaintiff.

Mr. Kroll responded:

I'm not quite sure the relevance of that video. But, that's what courtrooms and juries are for. Have you signed the waiver so we can get to court and have each side present their evidence? Also, it may be easier to communicate by email. Please email me at howard.kroll@tuckerellis.com. Thanks.

Defendant responded:

4

> We both know I have 60 days to sign it. There's a good possibility that Onecoin will no longer exist by that time. Good luck with building your case. I have been investigating this since March 2015. Use this time to "brush up," because you're not gonna have a cakewalk by any means.
>
> Ps. By the end of this week Principe will likely be infamous unless you retract the complaint and issue me an apology within 24 hours.

On April 30, 2017, there appeared a blog entry entitled "OneCoin Threaten To Sue SQL Blockchain Whistleblower" on the BehindMLM website at http://behindmlm.com/companies/onecoin/onecoin-threaten-to-sue-sql-blockchain-whistleblower. On May 6, 2017 at 1:48 am, Defendant, using the name Timothy Curry, wrote the 27th comment to that blog entry which attached a copy of the Complaint, with the comment "HERE is 'Legal Action' filed against me from Chris (unprincipled) Principe's Attorney today." Defendant also wrote the 29th comment confirming that "[t]he attorney sent it to me over Facebook." A copy of Defendant's comments are attached to the Kroll Dec. as Exhibit 2.

On May 25, Mr. Kroll sent another message to Defendant's Facebook account asking: "Tim, are you planning on signing the waiver?" Defendant did not respond to that message.

On June 15, 2017, there appeared a blog entry entitled "Skyway Capital Warning Issued Estonian Financial Regulator" on the BehindMLM website at http://behindmlm.com/companies/skyway-capital-warning-issued-estonian-financial-regulator/. On June 16 at 1:31 am, Defendant, using the name Timothy Curry, wrote the 2nd comment to that blog entry, which states:

> Case is still "pending" in FEDERAL Court, from April 6th – meaning that I have not been properly "served" at this point in time.

5

> Federal Rules of Civil Procedure under Rule #4 grant 90 days from original filing for Plaintiff to do so, otherwise the Court will motion to dismiss the Case "without prejudice."
>
> So, the next 3 weeks will be telling to see if this was just a "bluff" or not. My team is fully prepared, either way, and I'm very pleased that several "anonymous" (and other named) sources have now surfaced and reached out to us with additional information which would suggest carrying forth would be extremely disadvantageous to the party.
>
> Therefore, at this point we're strategizing the next step, if any at this point, and will simply "observe" any proverbial Chess moves with counter maneuvers.
>
> I'm prepared for either a rather boring outcome, but also for anything "a bit more exciting," . . . although we won't be "revealing our hand," most *likely, unless the situation calls for it. That's really all I'm at liberty to say at the moment.[3]

The Waiver of Service of Summons was sent to Defendant on May 5. Defendant had until July 5 to sign the waiver. To date, he has not done so. Kroll Dec., ¶ 9.

### III.   PLAINTIFF'S REQUEST FOR AN EXTENSION SHOULD BE GRANTED

Where the plaintiff shows good cause for its failure to effect service within the 90 day time limit of Fed. R. Civ. P. 4(m), the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause may be shown by demonstrating that a defendant made service difficult through evasion. *United States v. Doff*, 972 F.2d 1344 (9th Cir. 1992), *as amended on denial of reh'g* (Sept. 4, 1992) ("An obvious example of good cause is a defendant's evasion of service.")

Despite Plaintiff's difficulty in serving Defendant, Plaintiff has been successful in contacting Defendant via private Facebook message. Defendant has acknowledged

---

[3] A copy of this comment is attached to the Kroll Dec. as Exhibit 3.

6

receiving notice regarding the lawsuit, and has discussed the merits of the case in comments to several BehindMLM blog posts. Defendant also has linked a copy of the complaint to one of these comments.

Yet, despite these comments, and Defendant's correspondence with Mr. Kroll, Defendant has not signed the Waiver of Service of Summons, nor communicated with Mr. Kroll telephonically or by email. And, as significantly, Plaintiff has not been able to determine a location to personally serve Defendant. Accordingly, Plaintiff requests an extension of time to effect service on Defendant for good cause as demonstrated above.

## IV. PLAINTIFF'S REQUEST FOR SERVICE BY PRIVATE FACEBOOK MESSAGE SHOULD BE GRANTED

Fed. R. Civ. P. 4 provides flexibility in the procedures for giving defendants notice of commencement of an action in order to eliminate unnecessary technicalities in the service of process. Under Rule 4(e)(1), service may be effected by any means permitted by the law of the state in which the case is pending, or of the state where service is to be made. To comply with due process, the service of notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Since this matter is pending in California, and it also appears that Defendant resides (or has resided) in California, Defendant is subject to service of process by any means authorized by the California Code of Civil Procedure. Although substituted service is permitted under certain circumstances (i.e. by publication under Cal. Code Civ. P. §415.50 if "the party to be served cannot with reasonable diligence be served in another manner specified in this article"), the California Code of Civil Procedure does not explicitly authorize service by private Facebook message. It does, however, liberally allow for alternative means of service. "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice

to the party to be served and that proof of such service be made as prescribed by the court." Cal. Code Civ. P. §413.30.

The Court in *Federal Trade Commission v. PCCare247, Inc.,* 2013 WL 841037, at *5 (S.D.N.Y. March 7, 2013) permitted service by means of a private Facebook message. In that case, the FTC set forth facts that provided confidence to the Court that the Facebook account was actually operated by the defendants. *But see Fortunato v. Chase Bank USA, No. 11,* 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012)(Court denied service by Facebook because it was not convinced that the Facebook was operated or maintained by the defendant).[4]

In this case, not only is Facebook the most reliable way of putting Defendant on notice of this Action, it is the only way to do so given Defendant's refusal to communicate with Plaintiff in any other way. The Court in *Federal Trade Commission* likened sending a Facebook message to sending an email message. *Federal Trade Commission,* 2013 WL 841037, at *5. The Ninth Circuit in *Rio Properties*, *Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) found "not only that service of process by e-mail was proper — that is reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond — but in this case, it was the method of service most likely to reach [defendant]." In this instance, Plaintiff's counsel has communicated with and received Facebook messages from Defendant using Defendant's Facebook profile. Based on these communications, Plaintiff has every reason to believe that Defendant's Facebook account is the correct account.

---

[4] Plaintiff is aware that in both *Federal Trade Commission* and *Fortunato* the Plaintiff sought service by Facebook and by email. In this matter, however, Plaintiff's attempt at contacting Defendant by email was unsuccessful. If the Court were to require an additional means of contacting/informing Defendant of the complaint, Plaintiff could either (a) leave a comment on the BehindMLM blog posts on which Defendant had previously commented and link to the Complaint, and/or (b) inform Defendant of the Complaint by sending a Tweet to Defendant's Twitter handle @ezCoinAccess and/or (c) inform Defendant's father by sending a certified letter to Defendant's father at Pillars of Faith Ministries with a copy of the complaint.

8

Service by private Facebook message would serve the interests of justice and principles of fairness. Accordingly, the Court should grant Plaintiff leave to serve Defendant with the Summons and Complaint, as well as all other documents in this Action, by private message to Defendant's Facebook account.

## V. CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court grant Plaintiff's request for an extension of time to serve Defendant, and that service be allowed via private message to Defendant's Facebook account.

DATED: July 13, 2017                                Tucker Ellis LLP


By:   /s/Howard A. Kroll
      Howard A. Kroll
      Attorneys for Plaintiff
      CHRIS PRINCIPE

1267785.1