Daniel A. De Soto (SBN 205861)
LAW OFFICE OF DANIEL A. DE SOTO
619 South Olive Street, Ste 400
Los Angeles, CA 90014
Telephone:   (323) 743-8995
Facsimile:   (323) 837-4766
desotolegal@gmail.com

Attorney for Defendant Timothy Glen Curry

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS PRINCIPE,<br><br>                    **Plaintiff,**<br><br>    **vs.**<br><br>TIMOTHY GLEN CURRY A/K/A TIMOTHY TAYSHUN,<br><br>                    **Defendant.** | Case No: 8:17-cv-00608<br><br>**DEFENDANT TIMOTHY GLEN CURRY'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Timothy Glen Curry (hereinafter, "Defendant" or "Curry") hereby answers Plaintiff Chris Principe's Complaint as follows:

## PARTIES

1. Admitted.

2. Admitted.

## JURSDICTION AND VENUE

3. Defendant denies the allegations of substance contained in paragraph 3 of the Complaint, except to admit that such allegations purport to state that this Court has original jurisdiction.

1
**DEFENDANT TIMOTHY GLEN CURRY'S ANSWER TO COMPLAINT**

4. Defendant denies the allegations of substance contained in paragraph 4 of the Complaint, except to admit that such allegations purport to state that this Court has supplemental jurisdiction.

5. Defendant denies the allegations of substance contained in paragraph 5 of the Complaint, except to admit that such allegations purport to state that this Court has personal jurisdiction over Defendant.

6. Defendant denies the allegations of substance contained in paragraph 6 of the Complaint, except to admit that such allegations purport to state that venue is proper in this district.

## PLAINTIFF'S BUSINESS AND REPUTATION

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies them.

8. Admitted.

9. Admitted.

10. Admitted.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies them.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies them.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint, and on that basis denies them.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies them.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies them.

16. Denied.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies them.

## DEFENDANT'S BUSINESS

18. Denied.

19. Admit that Defendant has Kiosks, but denies they are in furtherance "of his investment in the BitCoin cryptocurrency."

20. Denied.

21. Admitted.

22. Admitted.

23. Admitted.

## FACTUAL BASIS FOR COMPLAINT

24. Deny that OneCoin is a cryptocurrency or competitor to BitCoin.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint, and on that basis denies them.

26. Admitted.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint, and on that basis denies them.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint, and on that basis denies them.

29. Denied.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint, and on that basis denies them.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint, and on that basis denies them.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint, and on that basis denies them.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Complaint, and on that basis denies them.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Complaint, and on that basis denies them.

49. Denied.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint, and on that basis denies them.

51. Denied.

## First Cause of Action

(Defamation)

52. No response required.

53. Admit.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

**Second Cause of Action**

(Tortious Interference With Contractual Relations)

69. No response required.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Defendant denies each and every allegation in the complaint that has not been specifically admitted above and demands strict proof thereof with respect to all allegations.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

79. As and for a first affirmative defense to the Complaint, and each and every allegation contained therein, Defendant asserts that the Complaint does not state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Truth)**

80. Defendant affirmatively asserts that all statements and comments by Defendant regarding Plaintiff were true.

## THIRD AFFIRMATIVE DEFENSE
## (Protected Speech)

81. All statement and comments made by Defendant about Plaintiff were reasonably understood by the audience to be opinions or rhetorical hyperbole and/or are otherwise protected under California law, Florida law, and the First Amendment of the United States.

## FOURTH AFFIRMATIVE DEFENSE
## (Good Motive-Fair Comment)

82. All statements and comments made by Defendant about Plaintiff were made by the Defendant with good motive and were fair comments made as a private citizen exercising his right to free speech, discussing matter of public importance, as a concerned citizen of the community.

## FIFTH AFFIRMATIVE DEFENSE
## (No Provably False Assertions)

83. Defendant asserts that he made no provably false statements in his statements and comments.

## SIXTH AFFIRMATIVE DEFENSE
## (Privilege)

84. The matters addressed by Defendant regarding Plaintiff concern matters which affect the interest of the general public. They were made in good faith with the proper motive of informing the public of issues concerning Defendant and OneCoin. Defendant's statements are protected by both qualified and conditional privilege.

### SEVENTH AFFIRMATIVE DEFENSE
### (Public Figure)

85. Plaintiff is either a "general public figure" or "limited public figure," and as such, cannot meet the heightened burden of proof to sustain a defamation cause of action.

### EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Malice)

86. All the statements and comments made by Defendant regarding Plaintiff were made: a) without actual or express malice; b) in good faith, with the belief that the statements and comments were accurate; and c) without either knowledge of any falsity or reckless disregard for the truth.

### NINTH AFFIRMATIVE DEFENSE
### (Substantial Truth)

87. Plaintiff's claim is barred by the substantial truth doctrine.

### TENTH AFFIRMATIVE DEFENSE
### (Lack of Damage Caused by Defendant)

88. No act or omission on the part of Defendant either caused or contributed to whatever injury (if any) the Plaintiff may have sustained.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

89. Plaintiff has failed to mitigate his damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

90. Plaintiff's own wrongful conduct bars recovery in this matter, therefore, Plaintiff's claims are precluded.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Justification)

91. Defendant's statements and comments were justified, therefore Plaintiff's claims cannot be sustained.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (Punitive Damages Unsupported)

92. Since none of Defendant's comments and statements were done with express or actual malice, nor was there intent to interfere with any business relation, Plaintiff cannot recover punitive damages.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint;
2. For costs of suit incurred herein;
3. For reasonable attorneys' fees; and
4. For such other and further relief as the court deems just and proper.

DATED: August 3, 2017         LAW OFFICE OF DANIEL A. DE SOTO

By  /s/ Daniel A. De Soto
    Daniel A. De Soto
    Attorney for Defendant Timothy Glen Curry