TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:     213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff
CHRIS PRINCIPE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS PRINCIPE, | ) Case No. 8:17-cv-00608 JLS (KESx) |
| Plaintiff, | ) |
| v. | ) JOINT RULE 26(f) REPORT |
| TIMOTHY GLEN CURRY A/K/A TIMOTHY TAYSHUN, | ) |
| Defendant. | ) |

On August 29, 2017, Howard A. Kroll of Tucker Ellis LLP, counsel of record for Plaintiff Chris Principe ("Principe"), engaged in a telephone conference with Daniel DeSoto of Law Office of Daniel A. De Soto, counsel for Defendant Timothy Glen Curry ("Curry"), to conduct their Conference of Parties pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's August 7, 2017 Order Setting Scheduling Conference ("Order).

The parties submit this Joint Rule 26(f) Report addressing the items listed in Fed. R. Civ. P. 26(f), and additional items listed at pages 2-5 of the Order.

**A.     Statement of the Case**

Principe is a consultant in transaction banking, finance and technology. Principe's career as a consultant also focuses on global trade using cryptocurrency and blockchain.

1300894.1

Principe is also the owner and publisher of Financial IT, an online and print resource for Financial Technology market analysis.

Curry has defamed and continues to defame Principe over the Internet and on social media by falsely claiming, and without any evidence, that Principe has engaged in criminal activity by being paid by, and working to support, a cryptocurrency named OneCoin Ltd. For example, Curry admits Tweeting, "Chris Principe on #Onecoin #ponzi payroll #PaidShill." Curry also admits commenting on a blog entry that Principe "was bribed handsomely to join" OneCoin.

Curry consistently refers to OneCoin as a Ponzi scheme and a criminal enterprise in his Tweets and posts on the Internet. In many of Curry's Tweets and posts, Curry has sought to destroy Principe's consulting business and publishing business by sending Tweets to Principe's Twitter handle @cmpleo and Financial IT's Twitter handle @financialit_net to ensure that followers of Principe and Financial IT's Twitter feeds would see Curry's false and defamatory Tweets. Curry has also used a series of hashtags in his Tweets to further more broadly disseminate his false statements. For instance, Curry uses hashtags such as "#onecoin" and "#ponzi" to tie Curry's defamatory Tweets to other Tweets using the same hashtags.

Based on these false and unprivileged statements, Principe filed his Complaint for defamation, including defamation *per se*, and tortious interference with contractual relations.

Curry contends that his claims and assertions are true, and that Principe has been promoting a fraudulent Ponzi scheme that has harmed people worldwide and is the subject of criminal investigations worldwide. The statements are not only true, but privileged and protected. Curry also contends that Principe is a public figure, with less protections against defamation claims. Curry also contends that Principe suffered no economic injuries as a result of Curry's actions.

**B.     Legal Issues**

1.     Were Curry's statements false?

1300894.1

2. Were Curry's statements unprivileged?
3. Did Curry's statements accuse Principe of a crime?
4. Did Curry's statements falsely claim that Principe is associated or affiliated with a criminal enterprise?
5. Did Curry have any evidence to support his statements?
6. Were Curry's statements defamatory?
7. Were Curry's statements defamatory *per se*?
8. Did Curry know that his false statements would reach current or prospective clients of Principe?
9. Did Curry's statements induce Principe's clients to breach their agreements with Principe?
10. Did Curry's statements induce Principe's prospective clients not to enter into any agreements with Principe?
11. Did Curry intentionally interfere with Principe's contractual relationships?
12. Did Curry intentionally interfere with Principe's prospective economic relationships?
13. Is OneCoin a Ponzi scheme?
14. Is OneCoin a criminal enterprise under criminal investigations worldwide?
15. Did Prinicipe promote OneCoin?
16. Did Principe promote OneCoin knowing it was a Ponzi scheme?

C. **Damages**

Principe has lost at least one client as a result of Curry's Tweets and blog posts. Principe will also need to spend money to repair his business reputation and correct the misleading and false statements made by Curry.

3

1300894.1

Unfortunately, Curry continues to defame and harass Principe over the Internet and on social media. As such, the amount of damages to Principe's reputation continues to grow.

### D. Insurance

There is no insurance coverage.

### E. Motions

Based on responses to discovery, Principe may add other defendants that have worked in conjunction with Curry to make false and defamatory statements about Principe.

### F. Complexity

Principe believes that this is not a complex case. However, Curry believes discovery will be lengthy, as it will require discovery and depositions outside the United States.

### G. Status of Discovery

Initial disclosures are set to be exchanged on October 13, 2017. The parties do not feel that any other changes in the disclosures under Fed. R. Civ. P. 26(a) should be made.

To date, no discovery has been propounded by either party.

### H. Discovery Plan

Principe suggests a non-expert discovery cut-off date of April 13, 2018. Curry suggests a non-expert discovery cut-off date of October 19, 2018.

Other than conducting and completing non-expert discovery before experts are identified and deposed, the parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

The parties agree that electronically stored information should be produced in its native electronic format.

The parties do not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's Local Rules, nor do the parties believe that other limitations should be imposed on discovery.

1300894.1

The parties anticipate submitting a stipulated protective order with the Court.

**I.  Expert Discovery**

Principe suggests an initial expert witness disclosure and report deadline of April 27, 2018, and a rebuttal expert witness disclosure and report of May 25, 2018. Principe further suggests an expert discovery cut-off date of June 22, 2018.

Curry suggests an initial expert witness disclosure and report deadline of October 26, 2018, and a rebuttal expert witness disclosure and report of November 23, 2018. Curry further suggests an expert discovery cut-off date of December 28, 2018.

**J.  Dispositive Motions**

At this time, the parties are not aware of any issue or claim that may be determined by motion for summary judgment or partial summary judgment.

**K.  Alternative Dispute Resolution ("ADR") Procedure Selection**

The parties cannot agree on an ADR procedure. Principe suggests ADR Procedure No. 3 (private mediation), while Curry suggests ADR Procedure No. 2 (court mediation panel).

**L.  Settlement Efforts**

Principe is reluctant to discuss settlement with Curry given Curry's use of social media to publish communications and/or meetings between counsel.

**M.  Trial Estimate**

The parties estimate this case being a 5 day jury trial.

**N.  Trial Counsel**

For plaintiff Chris Principe:    Howard A. Kroll

For defendant Timothy Glen Curry:  Daniel A. DeSoto

**O.  Independent Expert or Master**

The parties agree that there is no need for a master or an independent scientific expert to be appointed.

5

1300894.1

**P.   Other Issues**

The parties are not aware of other issues affecting the status or management of the case.

DATED: October 2, 2017                    Tucker Ellis LLP


By:   /s/Howard A. Kroll
      Howard A. Kroll
      Attorneys for Plaintiff
      CHRIS PRINCIPE


DATED: October 2, 2017                    Law Office of Daniel A. De Soto


By:   /s/Daniel A. De Soto*
      Daniel A. De Soto
       Attorneys for Defendant
       Timothy Glen Curry

*Pursuant to Local Rule 5-4.3.4(a)(2), the filing party attests that Defendant's counsel concurs in the content of this Joint Report and has authorized its filing with his electronic signature.

1300894.1

# EXHIBIT A
## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL EXHIBITS

CASE NAME:  Chris Principe v. Timothy Glen Curry aka Timothy Tayshun
CASE NO.:  8:17-cv-00608 JLS (KESx)

| Matter | Deadline | Plaintiff Request | Defendant Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | December 12, 2017 | December 12, 2017 |
| Fact Discovery Cut-Off | 21 weeks before trial | April 13, 2018 | October 19, 2018 |
| Last Day to Serve Initial Expert Reports | 19 weeks before trial | April 27, 2018 | October 26, 2018 |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 19 weeks before trial[1] | April 27, 2018 | October 26, 2018 |
| Last Day to Serve Rebuttal Expert Reports | 15 weeks before trial | May 25, 2018 | November 23, 2018 |
| Last Day to Conduct Settlement Proceedings | 12 weeks before trial | June 15, 2018 | December 14, 2018 |
| Expert Discovery Cut-Off | 11 weeks before trial | June 22, 2018 | December 28, 2018 |
| Last Day to File *Daubert* Motions | Expert Discovery Cut-Off Date plus 7 days | June 29, 2018 | January 4, 2019 |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | Final Pre-Trial Conference Date less 28 days | August 7, 2018 | January 29, 2019 |
| Final Pre-Trial Conference (Friday at 1:30 p.m.) | 3 weeks before trial | Sept. 4, 2018 | February 26, 2019 |
| Exhibit Conference (Friday at 3:30 p.m.) | Friday before trial | Sept. 21, 2018 | March 15, 2019 |
| Trial: Jury or court (Tuesday at 9:00 a.m.) | | Sept. 25, 2018 | March 19, 2019 |

---

[1] Trials are set on Tuesdays, Motions are heard on Fridays.  Therefore, the Court sets motions filing deadlines on the Friday before the date specified in this column.

7

1300894.1