Daniel A. De Soto (SBN 205861)
LAW OFFICE OF DANIEL A. DE SOTO
619 South Olive Street, Ste 400
Los Angeles, CA 90014
Telephone: (323) 743-8995
Facsimile: (323) 837-4766
desotolegal@gmail.com

Attorney for Defendant Timothy Glen Curry

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CHRIS PRINCIPE,**

**Plaintiff,**

**vs.**

**TIMOTHY GLEN CURRY A/K/A TIMOTHY TAYSHUN,**

**Defendant**

Case No: 8:17-cv-00608

**DEFENDANT TIMOTHY GLEN CURRY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

DATE: December 1, 2017
TIME: 2:30 p.m.
CTRM: 10 A

Hon. Josephine L. Staton

C. Any Relief Must Be Narrowly Tailored ........................... 17

VI. Conclusion ........................................................................ 1

# TABLE OF AUTHORITIES

PAGE

**Cases**

Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542, 107 S.Ct. 1396, 1402 (1987) ........................................................................ 11

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (2011)..........15

Ampex Corp. v. Cargle, 128 Cal.App.4th 1569, 1577 (2005) ............................ 8

Balboa Island Village Inn v. Lemen, 40 Cal.4th 1141, 1158 (2007)...........7, 8

in *Bekke v. Wills*, 125 Cal.App.4th 1400, 1409 (2005)..............................15

Branzburg v. Hayes, 408 U.S. 665, 704, 92 S.Ct. 2646, 2668 (1972)...........13

Burstyn v. Wilson, 343 U.S. 495, 504,72 S.Ct. 777, 781 (1972)..................12

Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690 (1976)..................16

Evans v. Evans, 162 Cal.App.4th 1157, 1169 (2008).................................8

Jacobsen v. U.S. Postal Service, 812 F.2d 1151, 1154 (9th Cir. 1987) ............. 16

Khawar v. Globe Int'l, Inc., 19 Cal 4th, 254, 264 (1998)..........................8

Lamb-Weston, Inc. v. McCain Foods, Ltd., 941, 974 (9th Cir. 1991)................ 17

Milk Wagon Drivers Union of Chicago v. Meadowmoor Dairies, 312 U.S. 287, 293, 61 S.Ct. 552, 555 (1941) ........................................................... 16

Munaf v. Geren, 553 U.S. 674, 689-690, 128 S.Ct. 2207, 2218-2219 (2008)....10

New York Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710,726 (1964)..........................................................................................10

Overstock.com v. Gradient Analytics, Inc., 151 Cal.App.4th 688, 700 (2007)...10

Storman's Inc. v. Selecky, 586 F.3d 1109, 1139 (2009 9th Cir.) ....................... 17

Terminiello v. City of Chicago, 337 U.S. 1, 4, 69 S.Ct. 894 (1949)...............11

Time, Inc. v. Firestone, 424 U.S. 448, 485, 96 US. Ct. 958, 981 (1976) ............ 9

## II. STATEMENT OF FACTS

### DEFENDANT TIM CURRY'S BACKGROUND

Defendant is a student and educator of cryptocurrency and blockchain technology. Declaration of Timothy Curry ["Curry Decl."] at ¶ 1. He has been a speaker numerous functions regarding these subject matters. Curry Del. at ¶ 2. He also writes in forums and blogs regarding these subject matters. Curry Del. at ¶ 3. He has also helped write published articles regarding this subject matter, and has been a guest on talk shows regarding cryptocurrency and blockchain. Curry Del. at ¶ 3. Much of what he has published and spoken about is in regards to OneCoin. Curry Decl. at ¶ 3.

### ONCECOIN

OneCoin was founded by Ruja Ignatova, and numerous people that have ran Ponzi schemes in the past. Curry Del. at ¶ 6. Declaration of Tommy Hogback ["Hogback Decl."] at ¶ 3. Defendant first became aware of OneCoin in June 2015. Curry Decl. at ¶ 5.

OneCoin is a business that sells "education packages" that includes "tokens" which allow an investor to mine an alleged OneCoin cryptocurrency. Curry Decl. at ¶ 7, Declaration of Wesley Garner ["Garner Decl."] at ¶ 4, Hogback Decl. at ¶ 5, OneCoin represents to people that its cryptocurrency will provide a financial windfall for investors. Garner Decl. at ¶ 4, Declaration of Jennifer McAdam ["McAdam Decl."] at ¶ 4, Declaration of Layla Begum ["Begum Decl"] Decl. at ¶ 2.

However, it is unlikely that there is a OneCoin "cryptocurrency." Curry Decl. at ¶ 8; Hogback Decl. at ¶ 4; Declaration of Bjorn Bercke ["Bercke Decl."] at ¶¶ 3, 5. As of September 2016, OneCoin was still trying to build a blockchain. Bercke Decl. at ¶ 2. Without a blockchain, OneCoin could not have a cryptocurrency. Curry Decl. at ¶4; Bercke Decl. at ¶ 5. Thus, OneCoin's major incentive to investors, its "cryptocurrency" never existed. Curry Decl. at ¶ 8, Hogback Decl. at ¶ 4, Bercke Decl. at ¶¶ 3, 5.

## ONCEOIN IS A PONZI SCHEME SCHEME

A Ponzi/Pyramid scam requires new investor money coming in to pay out existing investors. Curry Decl. at ¶ 9. This is how OneCoin is set up. OneCoin has no products that are retailable nor services. Curry Decl. at ¶ 9; Garner Decl. at ¶ 5, 6 The only money which comes into the company is generated by recruiting new members into the scheme, who are invited to purchase the alleged education packages to obtain the "tokens" to mine the alleged cryptocurrency. Curry Decl. at ¶ 9; Hogback Decl. at ¶ 5; Bercke Decl. at ¶¶ 3,5.

Members are given a percentage of the money from the new recruits they bring in. Hogback Decl. at ¶ 7, Bercke Decl. at ¶ 5. Bringing in new recruits/money pushes a person up in the organization and gives bigger bonuses. Thus, the scheme relies on money from new recruits rather than any retail products or services. Curry Decl. at ¶ 9, Hogback Decl. at ¶ 7. Those that choose not to engage in this scheme obtain nothing from their investment. This is especially true

given the questionable reality of the "cryptocurrency", which is not tradeable on any cryptocurrency exchange. Curry Del. at ¶ 9, Bercke Decl. at ¶ 5, Hogback Decl. at ¶ 6, McAdam Decl. at ¶ 5.

OneCoin has been banned as Ponzi scheme by some countries. Curry Decl. at ¶ 10; Hogback Decl. at ¶ 8. It is the subject of worldwide police investigations. Curry Del. at ¶ 10; Hogback Decl. at ¶ 8; Bercke ¶ 7. It has been fined millions of Euros. Curry Del. at ¶ 10; Hogback Decl. at ¶ 8. People related to OneCoin have been arrested around the world. Curry Del. at ¶10; Hogback Decl. at ¶ 8. It has been the subject of warnings by over twenty countries. Curry Del. at ¶ 10.

Defendant is currently working with German and U.K. police authorities, as well as other task force/police authorities that he is not a liberty to disclose regarding OneCoin. Curry Decl. at ¶ 8.

Simply put OneCoin has defrauded and harmed people worldwide out of their money, and if not banned, is the subject of warning and investigations. Curry Del. at ¶¶ 19, 21; Garner Decl. at ¶¶ 1, 6, McAdam Decl. at ¶ 7, Begum Decl. ¶¶ 1-3.

## CHRIS PRINCIPE'S PROMOTION OF ONECOIN

All of Defendant's publications regarding Principe relate to Principe's relationship with OneCoin. Curry Decl. at ¶ 20.

Principe has travelled throughout the world to personally endorse OneCoin in front of crowds of potential investors. Curry Decl. at ¶ 14, Garner Decl. at ¶ 2;

Bercke Decl. at ¶ 8; Hogbak Decl. at ¶ 2 . He has made at least five such appearances on behalf of OneCoin. Curry Del. at ¶ 14.

He has also been featured in OneCoin videos distributed by OneCoin worldwide. Curry Del. at ¶ 15; McAdam Decl. at ¶ 3; Declaration of Wesley Garner ["Garner Decl."] at ¶ 2, Hogback Decl. at ¶ 2. These videos have been translated in numerous languages. Curry Del. at ¶ 15. In these videos, he is presented as a financial expert, with credible and valuable advice, who endorses OneCoin. Curry Del. at ¶ 15, Garner Decl. at ¶ 2, Hogback Decl. at ¶ 2, McAdam Decl. at ¶ 3, These videos featuring Principe are used to lure people into investing into OneCoin. Curry Decl. at ¶15, Garner Decl. at ¶ 2, McAdam Decl. at ¶ 3.

Principe has allowed himself to be used in promotional piece put out by OneCoin on the internet. Curry Decl. at ¶ 17.

At least two issue of Principe magazines featuring Ignatova and OneCoin have been used by OneCoin to promote itself. Curry Decl. at ¶¶12, 13, 17; McAdam Decl. at ¶ 3; Bercke Decl. at ¶ 8.

In a recent appearance in August 2017 in Vietnam, speaking to a group of OneCoin investors and potential investors, Principe talked about filing a lawsuit in federal court, to stop a person from spreading "disinformation" about OneCoin. Curry Decl. at ¶ 18. He addressed the OneCoin crowd and himself as "WE". Curry Decl. at ¶ 18. He also talks about going after other people that are spreading "disinformation" about OneCoin. Curry Decl. at ¶ 18. This lawsuit he is talking

publication has been found to be unlawful at trial. *Id.* at 1159.

There has been no determination at trial that Defendant's published defamatory statements regarding Plaintiff. Therefore, any attempt by Plaintiff to censor Defendant and abridge Defendant's First Amendment Rights must be denied outright.

This includes internet social media such as Twitter. A preliminary injunction forbidding a person from publishing any false and defamatory statements on the internet was constitutionally invalid as prior restraint due to lack of trial or determination of the merits. *Evans v. Evans*, 162 Cal.App.4th 1157, 1169 (2008).

## IV. PLAINTIFF SHOULD BE CONSIDERED A LIMITED PUBLIC FIGURE FOR PURPOSES OF DECIDING HIS MOTION

### A. DEFINITION OF A LIMITED PUBLIC FIGURE

Whether a plaintiff in a defamation action is a public figure is a question of law for the trial court. *Khawar v. Globe Int'l, Inc.*, 19 Cal 4th, 254, 264 (1998).

"The limited purpose public figure is an individual who voluntarily injects him or herself or is drawn into a specific public controversy, thereby becoming a public figure on a limited range of issues." *Ampex Corp. v. Cargle*, 128 Cal.App.4th 1569, 1577 (20050. *Ampex* sets forth the three-part test for determining whether an individual is a limited purpose public figure: 1) there must be a public controversy; 2) Plaintiff must have undertaken some voluntary act though which he or she sought to influence a public issue; 3) the alleged defamation must be germane to

Plaintiff's participation in controversy. *Id.*

Public figures have less need for judicial protection because of their greater ability to resort to self-help: "public figures usually enjoy significantly greater access to the channels of effective communication and hence have a more realistic opportunity to counteract false statements than private individuals normally enjoy. *Time, Inc. v. Firestone*, 424 U.S. 448, 485, 96 US. Ct. 958, 981 (1976).

**B. PLAINTIFF'S ACTIONS SHOW HE SHOULD BE CONSIDERED A LIMITED PUBLIC FIGURE**

OneCoin is a business steeped in controversy worldwide. It is has been banned and fined in countries, it is under criminal investigation worldwide, warning against OneCoin have been issued by over 25 countries, and people running OneCoin have been arrested worldwide, and million of people have been affected by OneCoin.

Plaintiff has willingly, openly, and aggressively, placed himself in this controversy. He has traveled worldwide promoting OneCoin. He has published magazines promoting OneCoin. He has allowed himself to be used in promotional videos used by OneCoin to lure people in to investing into OneCoin. All of the publications at issue relate to Principe's involvement in OncCoin.

Plaintiff also has "access to the channels of effective" communication in that he is owner and publisher of his own online and print magazine Financial IT.

(Principe Decl. at ¶ 4).

Under these circumstances, Plaintiff should be labeled a limited public figure.

### C. PLAINTIFF MUST SATISFY A VERY HIGH STANDARD FOR AN INJUNCTION

If a plaintiff is found to be a limited purpose public figure, plaintiff must establish the probability that he or she can produce clear and convincing evidence that allegedly defamatory statements were made with knowledge of their falsity or with reckless disregard of their truth or falsity. *Overstock.com v. Gradient Analytics, Inc.*, 151 Cal.App.4th 688, 700 (2007) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S.Ct. 710,726 (1964)).

Although Defendant should be labeled a limited public figure, he fails to satisfy the requirements for a preliminary injunction under any standard.

## V. PLAINTIFF'S REQUESTED PRELIMINARY INJUNCTION IS OVERBROAD AND MUST BE DENIED

A preliminary injunction is **an extraordinary and drastic remedy** that should never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690, 128 S.Ct. 2207, 2218-2219 (2008) (emphasis added). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803 (1982). In each case, courts "must balance the competing claims of injury and must consider the effect

on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 1402 (1987).

## A. PLAINTIFF'S PRELIMINARY INJUNCTION SEEKS RESTRAINT OF FREEDOM OF SPEECH AND FREEDOM OF THE PRESS

The First Amendment provides:

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S.C.A. Const.Amend.1

### 1. Freedom of Speech Outweighs the Right to be Free from Annoyance

"[A] function of free speech under our system of government is to invite dispute"—especially when the content of the speech is unpopular or could be deemed offensive. *Terminiello v. City of Chicago*, 337 U.S. 1, 4, 69 S.Ct. 894 (1949). It is a fundamental tenant of American democracy that the right to free speech outweighs the right to be free from annoyance. *Id.* As the Supreme Court explained:

> Speech is often provocative and challenging. It may strike at prejudices and preconceptions and have profound unsettling effects as it presses for acceptance of an idea. That is why freedom of speech, though not

absolute, is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest. *Id.*

Although Plaintiff's speech may be coarse at times, his right to challenge and inquire outweigh Plaintiff's freedom from annoyance. This is especially true since Plaintiff has chosen to align himself with a business steeped in public controversy and criminal investigations.

It must be noted that a lot of the publications that Plaintiff complains about came through Twitter postings. It is a public forum in which a person "tweets" something and then the whole world is free to comment the the tweet, both good and bad, with profane language being a common occurrence. To abridge Plaintiff's ability to use this public forum would simply undermine the principles of freedom of speech.

**2. Freedom of the Press is a Paramount Individual Right that Defendant Must Not Be Deprived Of**

The purpose of the First Amendment guaranty of a free press was to prevent prior restraints upon publication. *Burstyn v. Wilson*, 343 U.S. 495, 504,72 S.Ct. 777, 781 (1972). Only under exceptional circumstances can this right be limited. *Id.*

"The administration of a constitutional newsman's privilege would present practical and conceptual difficulties of a high order. Sooner or later, it would be necessary to define those categories of newsmen who qualified for the privilege, a questionable procedure in light of the traditional doctrine that liberty of the press is the right of the lonely pamphleteer who uses carbon paper or a mimeograph just as much as of the large metropolitan publisher who utilizes the latest photocomposition methods.[Citation] Freedom of the press is a 'fundamental personal right' which 'is not confined to newspapers and periodicals. It necessarily embraces pamphlets and leaflets. . . . The press in its historic connotation comprehends every sort of publication which affords a vehicle of information and opinion.' [Citations]" *Branzburg v. Hayes*, 408 U.S. 665, 704, 92 S.Ct. 2646, 2668 (1972).

Plaintiff has been a key voice in the shining the light on OneCoin's fraudulent business scheme. He has conducted extensive research into OneCoin, has assisted in publishing articles regarding OneCoin, and has used social media to discuss and spread information on OneCoin. He also plans on publishing future articles on OneCoin. Under these circumstances, he must be considered a member of the press, and must warrant the utmost protection.

**B. PLAINTIFF DOES NOT SATISFY THE REQUIREMENTS FOR A PRELIMINARY INJUNCTION**

For injunctive relief a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249. (2008).

As set for the below, Plaintiff fails to satisfy these factors.

**1. Plaintiff Is Not Likely to Succeed on the Merits**

Plaintiff's case rests on his assertion that Defendant's falsely alleged that that Principe was associated with OneCoin, and that OneCoin is a Ponzi scheme. He asserts that these allegedly false claims, cost him business opportunities and harmed his reputation.

However, Defendant will be able to show both of the assertions are true. OneCoin operates as a Ponzi scheme. The fact that OneCoin has been labeled a Ponzi scheme by governments around the world, and is under criminal investigations worldwide only bolsters this contention. The declarations attached to this motion contain just a fraction of the facts that Defendant will be able to provide at trial to show that OneCoin is an international Ponzi scheme that has victimized countless people.

Likewise, it will be hard for Plaintiff to claim he is not associated with OneCoin when he travels the world promoting it. It will be hard to deny he is a OneCoin mouthpiece, when he is an active participant in videos OneCoin uses to lure people into investing in OneCoin. It will be hard for Plaintiff to disassociate himself from OneCoin when he speaks of himself and a OneCoin audience as

"WE" and brags about bringing this lawsuit to silence a OneCoin critic, namely defendant Tim Curry.

**2. <u>Plaintiff is Unlikely to Suffer Irreparable Harm</u>**

A plaintiff must prove that irreparable harm is likely, not just possible in order to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (2011).

The cases cited by Plaintiff regarding alleged harassment deal with private speech, not public speech. For example, in *Bekke v. Wills*, 125 Cal.App.4th 1400, 1409 (2005), the court emphasized that the First Amendment was meant to ensure a free and robust public debate of public issues. Private communications, such as those decided in that matter, have lesser need for protection. *Id.*

Plaintiff has put himself directly in the very public controversy regarding OneCoin. Indeed, he bragged, in public, that he initiated the instant matter to silence Defendant regarding OneCoin. Plaintiff cannot avail himself to public forums such as Twitter, yet scream harassment when things are said he does not want to hear. That does not amount to irreparable harm.

The only irreparable injury that is at issue is Defendant's. Plaintiff is seeking to strip his First Amendment Rights away. He is trying to prevent Defendant from saying anything about him, <u>no matter what the statement is or in what context.</u> There is a difference between curse words and well thought out statements or published articles. Plaintiff is attempting to stop all publication, no

matter what they are. That is irreconcilable with the First Amendment.

**3. The Balance of Equities Do Not Tip in Plaintiff's Favor and an Injunction Would Not Be in the Public Interest**

"[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690 (1976); *see also Jacobsen v. U.S. Postal Service*, 812 F.2d 1151, 1154 (9th Cir. 1987). The right of free speech cannot be denied by drawing from a trivial rough incident or a moment of animal exuberance. *Milk Wagon Drivers Union of Chicago v. Meadowmoor Dairies*, 312 U.S. 287, 293, 61 S.Ct. 552, 555 (1944).

This Court is called upon to balance the equities between keeping Plaintiff free from annoyance and undermining Defendant's First Amendment Rights of freedom of speech and freedom of the press. It must balance the rights of the public to be forewarned about OneCoin and Principe's desire to have his association with OneCoin hidden.

The court must also consider the effect of silencing Defendant, who has been an important voice in warning people about the danger of investing in OneCoin. Plaintiff will likely argue that OneCoin and Principe are separate entities. However, as the declarations of Defendants and the OneCoin victims show, Principe is a promoter of OneCoin. It is more important that the public be forewarned about a dubious venture like OneCoin, than is for Principe to be free

from annoyance and scrutiny arising from his association with OneCoin.

Finally, Defendant is working with law enforcement and government agencies worldwide regarding OneCoin. Anything that stifles Defendant's ability to help the worldwide investigations into OneCoin is against the good of the public.

These factors weigh strongly in Defendant's favor.

### C. ANY RELIEF MUST BE NARROWLY TAILORED

"Injunctive relief ... must be tailored to remedy the specific harm alleged." *Lamb-Weston, Inc. v. McCain Foods*, Ltd., 941, 974 (9th Cir. 1991) "An overbroad injunction is an abuse of discretion." *Id.* A court should weigh the public interest in light of the *likely* consequences of the injunction. *Storman's Inc. v. Selecky,* 586 F.3d 1109, 1139 (2009 9th Cir.)

If Plaintiff's motion is granted in any respect, any relief must be narrowly tailored. This is especially true, when vital First Amendment rights are at stake, such as in this matter.

## VI. CONCLUSION

For the above reasons, Plaintiff's motion must be denied. He has failed to meet the extraordinary circumstances necessary for a preliminary injunction.

///
///
///
///
///

DATED: November 12, 2017 LAW OFFICE OF DANIEL A. DE SOTO

By /s/ Daniel A. De Soto
Daniel A. De Soto
Attorney for Defendant Timothy Glen Curry