TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:  213.430.3400
Facsimile:  213.430.3409

Attorneys for Plaintiff
CHRIS PRINCIPE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS PRINCIPE,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY GLEN CURRY A/K/A TIMOTHY TAYSHUN,<br><br>    Defendant. | Case No. 8:17-cv-00608 JLS (KESx)<br><br>**REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION ORDER AGAINST HARASSMENT**<br><br>DATE:  December 1, 2017<br>TIME:  2:30 p.m.<br>CTRM:  10A<br><br>Hon. Josephine L. Staton |

## I. INTRODUCTION

"There is a difference between curse words and well thought out statements or published articles." Opp. at 15 (Dkt. 31). Defendant is correct, and it is only the former that is the subject of Plaintiff's motion under California's anti-harassment statute. Defendant's entire opposition is one against a motion for a preliminary injunction barring Defendant from making defamatory statements. While that is the ultimate relief Plaintiff seeks as part of his case, that is not the relief Plaintiff seeks via the instant motion. Defendant's opposition, which seeks to prove that the defamatory statements made against Plaintiff are correct or otherwise constitutionally protected, thus misses the point in its entirety. Pending the outcome of this case, Defendant is free to express his views, but he must do so in an appropriate, civil, and non-harassing manner, something he has proved unwilling to do.

Only two issues raised in Defendant's opposition merit a response—namely, the question of whether Plaintiff is a limited public figure and whether a restraining order is an unconstitutional prior restraint of protected speech. With respect to the former, Defendant has submitted no admissible evidence to support his argument, only stating he later "can provide this evidence to the Court." *See, e.g.*, Dkt. 32 at ¶ 13.[1] Defendant makes this "offer" despite having had three weeks to prepare his opposition and despite having actually filed the opposition four days late. Dkt. 30. Regardless, Plaintiff is not a limited public figure as a matter of law.

Similarly, the injunction against harassment is not a prior restraint on constitutionally protected speech. The California Constitution protects an individual's right to peace of mind, and the courts have made it clear that, in situations such as these where a defendant has abused his free speech privileges to infringe on that right of peace

---

[1] Defendant spends most of his motion attempting to prove that OneCoin is a Ponzi Scheme and that Plaintiff promotes OneCoin in furtherance of the alleged Ponzi Scheme. He has, however, provided no such evidence, just hearsay and statements in violation of the best evidence rule. As a result, were this a motion concerning defamation, Defendant would have failed to submit any admissible evidence concerning the alleged truth of his defamatory statements.

of mind via harassing conduct, those free speech privileges may be limited.

The order Plaintiff seeks is appropriately tailored to protect him from harassment, and his motion should therefore be granted.

## II. ARGUMENT

### A. An injunction order against harassment is not a prior restraint against protected speech.

An injunction may "deprive the enjoined parties of rights others enjoy precisely because the enjoined parties have abused those rights in the past." *Planned Parenthood Golden Gate v. Garibaldi*, 107 Cal.App.4th 345, 352 (2003). As the California Supreme Court explained, "Once specific expressional acts are properly determined to be unprotected by the first amendment, there can be no objection to their subsequent suppression or prosecution." *Balboa Island Village Inn, Inc. v. Lemen*, 40 Cal. 4th 1141, 1156 (2007). As such, "an injunctive order prohibiting the repetition of expression that ha[s] been judicially determined to be unlawful [does] not constitute a prohibited prior restraint of speech." *Id.* at 1153. "In California, speech that constitutes 'harassment' within the meaning of section 527.6 [of the California Civil Procedure Code] is not constitutionally protected, and the victim of the harassment may obtain injunctive relief." *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal.App.4th 1228, 1250 (2005); *see also Burrett v. Rogers*, No. G047412, 2014 WL 411240, at *2 (Cal. Ct. App. Feb. 4, 2014) (holding injunction against harassment not a prior restraint on free speech); *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal. 4th 121, 144–145 (1999) (injunction prohibiting a course of repetitive speech judicially determined to constitute unlawful harassment in violation of FEHA did not violate the state or federal constitutions).

While Defendant is correct that there has been no trial on the merits concerning Plaintiff's defamation claim, no such trial is needed for a harassment order to be issued. As the California Court of Appeal has explained, "The civil harassment restraining order does not enjoin defamatory speech." *Burrett*, 2014 WL 411240, at *2. Instead, it enjoins

3

speech evidencing or constituting a pattern of harassment. *Id.* The constitutional concerns concerning freedom of speech and freedom of the press are therefore inapposite here, and an injunction order restraining Defendant from harassing Plaintiff is appropriate.

### B. California courts have the power to restrain a defendant from harassing a victim on social media; it is not protected public speech.

Defendant maintains that, because his communications are publicly published on social media, they are not private speech and therefore fall outside the purview of California's anti-harassment statute. This is not true. California courts enjoin such posts on social media when they are harassing, as is the case here. *See, e.g.*, *People v. Faber*, 15 Cal.App.5th Supp. 41, 45, 54 (2017) ("The court issued a one-year restraining order which was similar to the temporary order, but that also specifically barred defendant from 'reaching out' to Kim through social media"; defendant found to have violated order in part by sending messages to victim's Instagram account); *see also*, *McGuire v. Hathcock*, No. A138653, 2014 WL 1293817, at *2 (Cal. Ct. App. 1st Dist. 2014) (affirming injunction restraining order based in part on defendant posting about victim on social media); *Burrett*, 2014 WL 411240, at *2 (affirming order that "provides that [defendant] have "no social media harassment with family names").

For instance, in *Burrett*, the victim asserted that she "needed restraining orders to '[p]rotect from harassment from [defendant] for stalking in front of our home, calling our house, emailing, calling in an anon[ym]ous complaint to child protective services on us, ***attacking our names on social media***, stalking our work etc." 2014 WL 411240, at *1 (emphasis added). Although the trial court declined to enter an emergency TRO with respect to the social media aspect, it entered the balance of the requested TRO. *Id.* At the preliminary injunction stage, where the instant case lies, the trial court entered the requested injunction, including the language prohibiting the defendant from "attacking [the victims'] names on social media." *Id.* The defendant, like Mr. Curry, argued the injunction was a prior restraint because "there has been no trial and no determination on the merits that any statement made by [defendant] was defamatory as to [plaintiff] and

4

her family." *Id.* at *2. On appeal, the court found that the injunction, including the social media component, was not a prior restraint because it was not about defamation but about harassment. *Id.* at *2-3.

This is exactly the case here. Defendant cannot incessantly attack Plaintiff using vile and foul language combined with threats designed to cause severe emotional distress and then attempt to hide behind the first amendment. Defendant has abused his first amendment rights, and Plaintiff's right to peace and tranquility therefore trumps. *See Planned Parenthood*, 107 Cal.App.4th at 352 (abuse of rights warranting injunction).

### C. Plaintiff is not a limited public figure, though this issue is moot given that there is no prior restraint at issue.

As discussed above, the First Amendment prior restraint concerns raised by Defendant exist in the defamation context and are not applicable in determining whether to issue a civil harassment order. In fact, no court case citing California's anti-harassment statute even mentions the phrase "limited public figure." Four cases citing the statute use the phrase "public figure," though half of them mention the phrase to explain the proposition that "those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure." *See, e.g.*, *Thomas v. Quintero*, 126 Cal.App.4th 635, 659 (2005) (citing *Hutchinson v. Proxmire,* 443 U.S. 111, 135 (1979)). And one case simply mentions the term in explaining that a party in a case cited in the briefs was not a public figure. Regardless, Defendant does not assert that Plaintiff is a public figure and instead argues he is a limited public figure. Even if this were a defense to harassment, which it is not, Plaintiff does not meet this definition as a matter of law.

#### 1. Plaintiff does not meet the definition of a limited public figure.

In asserting that Plaintiff is a public figure, Defendant relies on *Khawar v. Globe Intern., Inc.*, 19 Cal. 4th 254, 264 (1998). In *Khawar*, the defendant argued the plaintiff was a limited public figure because his publication of a book drew him into public controversies surrounding President Kennedy's assassination, thus making him an

involuntary public figure for the limited purpose of a news report on the book. *Id.* The California Supreme Court found this reasoning unpersuasive because it was "inconsistent with the reasons the United States Supreme Court have given for requiring public figures to prove actual malice in defamation actions." *Id.* at 265. "[T]he high court imposed the actual malice requirement on defamation actions by public figures and public officials for two reasons: They have media access enabling them to effectively defend their reputations in the public arena; and, by injecting themselves into public controversies, they may fairly be said to have voluntarily invited comment and criticism." *Id.*

Defendant asserts that, as the owner and publisher of the online and print magazine Financial IT, Plaintiff has "'access to the channels of effective' communication." Opp. at 9. Defendant has put nothing in the record to demonstrate the reach of this magazine, and he therefore cannot meet his burden of demonstrating that the publication of this magazine rises to the level of media access that public figures possess and which allows them to defend their reputations in the public arena.

As a matter of law, Plaintiff's alleged status as a limited public figure is irrelevant to the Court's issuance of an order enjoining harassment. But even if it were germane to the issues, Plaintiff is not a limited public figure. The injunction should therefore issue.

## 2. Defendant has provided no evidence that Plaintiff has voluntarily injected himself into a public issue.

The California Supreme Court has declined to extend the limited public figure doctrine to those who are involuntarily injected into a controversy. *Khawar*, 19 Cal. 4th at 265-66. Otherwise, anyone charged with defamation could by their own conduct create a defense by making someone a limited public figure. *Id.* at 266. As a corollary, a person does not inject himself into a controversy when his predicate conduct occurred before any relevant controversy arose. *See id.* ("For a variety of reasons, this conduct does not demonstrate that Khawar voluntarily elected to encounter an increased risk of injury from defamatory falsehoods . . . Khawar's conduct occurred before any relevant controversy arose").

6

Defendant has submitted no admissible evidence demonstrating that Plaintiff voluntarily inserted himself into any controversy. The only uncontroverted fact concerning Plaintiff's involvement with OneCoin and its founder is that Plaintiff's magazine, Financial IT, featured a photograph of Ruja Ignatova on its cover and in an article in February 2016. Principe Decl. ¶ 8 (Dkt. 29). In the declarations submitted by Defendant, all of the purported revelations concerning OneCoin's alleged fraudulent activity occurred much after this date. *See, e.g.*, Curry Decl. ¶ 10 (Dkt. 32) (discussing alleged investigations into OneCoin commencing in 2017). As in *Khawar*, there is no evidence in the record that any controversy surrounding OneCoin existed when the February 2016 Financial IT article was published. And all of Defendant's allegations of continued promotion of OneCoin are not supported by admissible evidence. As a result, Plaintiff cannot be said to have injected himself into any controversy.

In short, the question of whether Plaintiff is a limited public figure has no bearing on the Court's authority to issue an order enjoining Defendant's harassing conduct. But even if it did, Plaintiff would not be a limited public figure based on the evidence of record.

### 3. Defendant has not demonstrated that Plaintiff is involved in a matter of public interest.

Defendant argues that the injunction order should not issue because OneCoin is allegedly a Ponzi Scheme and that Plaintiff is allegedly promoting that scheme. As discussed above, Defendant has not provided any admissible evidence that Plaintiff is actively promoting OneCoin. Regardless, the California Court of Appeal has held that simply alleging criminal conduct is not enough to transform harassing conduct into a matter of public interest. *Weinberg v. Feisel*, 110 Cal.App.4th 1122, 1135 (2003). In *Weinberg*, the defendant contended that his statements accused the plaintiff of criminal activity and were therefore a matter of public interest. *Id.* at 1134. The appellate court disagreed and "noted that there were no charges pending against the plaintiff, that the defendant took no action intended to result in criminal investigation or prosecution, and

that defendant was not pursuing civil charges against the plaintiff." *Id.* at 1135. Thus, the mere "fact that the defendant accused the plaintiff of criminal conduct did not make the accusations a matter of public interest." *Id.*

As in *Weinberg*, there are no charges pending against Plaintiff, nor is there any criminal investigation or prosecution against him personally. Moreover, Defendant is pursuing no civil charges against Plaintiff. Plaintiff is therefore not involved in a matter of public interest, and Defendant cannot evade the issuance of a harassment order on that basis.

### D. If the injunction issues, Defendant will remain free to discuss OneCoin.

Defendant asserts that he has an important public role in warning people about OneCoin. Opp. at 16. Even assuming this is true, nothing in the requested relief would prohibit Defendant from discussing OneCoin, who is not a party to this action and is not the subject of this motion. Instead, Plaintiff simply seeks to be free of harassment pending this litigation. And with respect to Defendant's assertion that "Plaintiff will likely argue that OneCoin and Principe are separate entities" (Opp. at 16), he provides no explanation as to why being able harass Plaintiff is a vital part to warning others concerning the alleged dangers of OneCoin. And again, Defendant has provided no admissible evidence concerning any real connection between Plaintiff and OneCoin, let alone evidence demonstrating that an order against harassment of Plaintiff would somehow shield OneCoin.

An injunction order against harassment therefore remains warranted.

### E. Defendant has not argued for the issuance of a bond, and given the circumstances, the bond requirement of Rule 65 should be waived.

Cal. Civ. Proc. Code § 527.6 makes no mention of a bond requirement for an injunction against harassment. However, Rule 65(c) of the Federal Rules of Civil Procedure states, "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been

wrongfully enjoined or restrained." However, in the Ninth Circuit, it is well established that the amount of the bond is within the court's discretion and will not be reviewed on appeal except for abuse of discretion. *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 733 (9th Cir. 1999). As a result, the Court is well within its discretion to require only a nominal bond or even no bond at all. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1211 (9th Cir. 2000) (refusing to increase nominal bond); *Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011) (district court "properly invoked its discretion not to have plaintiffs post a bond in this matter. There was no error.").

Regardless, when a preliminary injunction issues, "the burden is on the party seeking security to establish a rational basis for the amount of the proposed bond." *Int'l Equity Inv., Inc. v. Opportunity Equity Partners Ltd.*, 441 F. Supp. 2d 552, 566 (S.D.N.Y. 2006); *see also Munhwa Broadcasting Corp. v. Solafide, Inc.*, No. SACV 07-699 DOC (ANx), 2007 WL 2667451, at *9 (C.D. Cal. 2007) (rejecting defendant's request for $100,000 because defendant had not submitted evidence supporting asserted value). The proponent of a bond should thus provide "hard evidence." Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 13-D, ¶ 13:211 (Mar. 2017 Update) ("Be prepared with hard evidence as to the effect a preliminary injunction might have (e.g., profit and loss statements from a business showing income from particular operations that would be affected by injunction)").

In his opposition, Defendant does not request a bond, and the statute does not require one. As a result, no bond should be required.

## III. CONCLUSION

The issues presented in Plaintiff's motion are simple. He seeks an order preventing Defendant from continuing his harassing conduct, not an order adjudicating the merits of the defamation claims in this action. The injunction is proper and should issue.

| | | |
|---|---|---|
| DATED: November 17, 2017 | | Tucker Ellis LLP |
| | By: | /s/Steven E. Lauridsen |
| | | Howard A. Kroll |
| | | Steven E. Lauridsen |
| | | Attorneys for Plaintiff |
| | | CHRIS PRINCIPE |

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1314553.3