UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00608-JLS-KESx   Date: January 03, 2018
Title: Chris Principe v. Timothy Glen Curry a/k/a Timothy Tayshun

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                     Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Doc. 27)**

Before the Court is Plaintiff Chris Principe's Motion for Preliminary Injunction seeking to restrain Defendant Timothy Glen Curry from harassing Principe over the Internet. (Mot., Doc. 27.) Curry opposed, and Principe replied. (Opp., Doc. 31; Reply, Doc. 39.) The parties stipulated to continue the original hearing date on the Motion. (Order Granting Stipulation, Doc. 40.) Principe filed a supplemental declaration alleging that the behavior he seeks to have enjoined has continued and requesting that the injunction be issued. (Principle Decl., Doc. 41.) Having read and considered the parties' briefs and having heard oral argument, the Court DENIES Principe's Motion.

**I. BACKGROUND**

This case arises from Curry's communications regarding Principe's purported association with OneCoin, a form of cryptocurrency. (Compl., Doc. 1.) Principe alleges that Curry refers to Principe in a defamatory manner on social media platforms including Twitter, and that Curry "seeks to destroy [Principe's] consulting business." (*Id*. ¶¶ 24-51, 32.) Principe brought a Complaint alleging two causes of action: defamation and intentional interference with contractual relations. (*Id*. ¶¶ 52-77.) The Complaint seeks declaratory and injunctive relief.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00608-JLS-KESx                                     Date: January 03, 2018
Title: Chris Principe v. Timothy Glen Curry a/k/a Timothy Tayshun

On October 20, 2017, Principe filed this Motion, seeking to enjoin Curry from harassment for a period of five years.  (Mem. at 1.)  In the Motion, Principe does not explain what speech and conduct he seeks to enjoin; in his proposed order, he clarifies that he moves the Court to enjoin Curry from "[c]ontacting [Principe], either directly or indirectly, by any means, including but not limited to, by telephone, mail, email, social media, or other electronic means"; from "[p]ublishing [Principe's] name in any media whatsoever"; and from "[c]ontacting any of [Principe's] known business associates concerning [Principe] in any manner or with respect to any topic concerning [Principe]." (Proposed Order, Doc. 27-1 at 2.)

Principe alleges that Curry has engaged in the following harassing behavior: sending him requests to connect on LinkedIn with messages indicating that he will "help put [Principe] in jail" (Mot. at 5); posting Tweets on Twitter asserting that Principe is part of a Ponzi scheme and criminal scam because of his association with OneCoin (Mot. at 6); and adding Principe to a group chat message using the mobile phone messenger WhatsApp, wherein Principe has received messages from Curry and "160 other people." (Mot. at 7.)  He asserts that he has suffered "anxiety, indignation, and embarrassment" as a result.  (Mot. at 10.)  Moreover, he states that he has been "losing sleep, both because of the timing of the messages and because of the impact they are having on both [his] emotional state and [his] professional career."  (Principe Decl. ¶ 23, Doc. 29.)  Principe provides screenshots of some of the messages, including accusations that Principe's "friends facilitate[d] money laundering" (Principe Decl. Ex. 2, Doc. 29-2 at 9), the statement that "I hope you don't have claustrophobia and the fear of small places #Onecoin #economic #fraud #ObviousSCAM #Ponzi" (*Id*. at 21), and multiple predictions that Principe will face jail time for his actions.  Principe has not presented any Tweets or messages to the Court that contain actual threats of any kind.

## II.  LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy."  *Munaf v. Geren*, 553 U.S. 674, 676 (2008) (internal quotations marks omitted).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *Univ. of Tex v. Camenisch*, 451 U.S. 390, 395 (1981).  A

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00608-JLS-KESx                                                          Date: January 03, 2018
Title: Chris Principe v. Timothy Glen Curry a/k/a Timothy Tayshun

---

district court should issue a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). This requires the district court to make findings of fact and conclusions of law. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1157 (9th Cir. 2007); s*ee also Hicks v. Neal*, No. C 12-2207 SI (pr), 2012 WL 3791399, at *3 (N.D. Cal. Aug. 31, 2012) ("In other words, the movant has to demonstrate, not merely allege, his entitlement to a preliminary injunction. . . . [A]llegations that may be sufficient for pleading purposes simply are not enough to prove his entitlement to a preliminary injunction.").

"[T]he party seeking the injunction . . . bear[s] the burden of demonstrating the various factors justifying preliminary injunctive relief . . . ." *Granny Good Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 441 (1974). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. This "requires the plaintiff to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## III.  DISCUSSION

Principe bases his Motion on California Code of Civil Procedure section 527.6, which allows for a "person who has suffered harassment . . . [to] seek a temporary restraining order and an order after hearing prohibiting harassment." Cal. Code Civ. Pro. § 527.6(a). Principe has not brought a cause of action pursuant to this statute. Generally speaking, this would make such a Motion in federal court improper. "[I]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Gomez v. Wachovia Mortg. Corp*, No. CV-09-02111 SBA, 2010 WL 291817, at *8 (N.D. Cal. Jan. 19, 2010) (quoting *Camp v. Board of Supervisors*, 123 Cal. App. 3d 334, 356) (1981) (internal quotation marks omitted)). However, section 527.6 creates "substantive rights against certain types of harassment," allowing individuals to "fil[e] a petition for orders" without a complaint. Cal. Code Civ. Proc. § 527.6(d); *Volis v. City of Los Angeles Housing Authority*, No. 13-cv-01397-MMM, 2013 WL 12205684 at *1 (C.D. Cal. 2013). The Court therefore applies the

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-00608-JLS-KESx | Date: January 03, 2018 |
| Title: Chris Principe v. Timothy Glen Curry a/k/a Timothy Tayshun | |

substance of the state law.  To the extent that section 527.6 creates a "state procedural mechanism for obtaining a temporary restraining order/injunction," however, the Court "applies the Federal Rules of Civil Procedure, not state procedural rules."  *Id*.  Accordingly, the Court will apply Federal Rule of Civil Procedure 65.

    A.  Likelihood of Success on the Merits

    Section 527.6 defines harassment as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  Cal. Code Civ. Proc. § 527.6(b)(3).  Moreover, the "course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."  *Id*.  Finally, a course of conduct is "a pattern of conduct composed of a series of acts over a period of time . . . evidencing a continuity of person, including . . . sending harassing correspondence to an individual by any means . . . ."  Cal. Code Civ. Proc. § 527.6(b)(1).  The statute, as it must, exempts "constitutionally protected activity."  *Id.*

    Curry has presented compelling evidence that his Twitter posts do not constitute harassment, as they serve "a legitimate purpose."  Curry uses his opposition to argue the merits of Principe's defamation claim.  He argues that Principe "has published magazines promoting OneCoin" and "has allowed himself to be used in promotional videos used by OneCoin to lure people in to [sic] investing."  (Opp. at 9.)  Curry is concerned that "OneCoin has defrauded and harmed people worldwide out of their money" and alleges that it is the "subject of worldwide police investigations."  (Opp. at 5.)  He describes his Tweets and messages as part of his "civic duty to continue reporting on OneCoin news-related developments."  (Curry Decl. ¶ 21, Doc. 32.)  Without deciding the truth of the underlying content of Curry's Tweets, the Court is persuaded that his intentions to inform the public about OneCoin and to encourage investigation into its practices likely constitutes a legitimate purpose.  The Court therefore cannot conclude that Principe is likely to succeed on the merits to show that the Curry's conduct has no legitimate purpose.

    Principe asserts that bare allegations of criminal activity are not "an issue of public interest."  (Reply at 7.)  *Weinberg v. Feisel*, 110 Cal. App. 4th 1122 (2003).  In *Weinberg*, the court found that in the context of an anti-SLAPP action, assertions of suspected

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-00608-JLS-KESx | Date: January 03, 2018 |
| Title: Chris Principe v. Timothy Glen Curry a/k/a Timothy Tayshun | |

criminal activity did not constitute discussion of an issue of public interest where the defendant "did not report his suspicions to law enforcement" and did not appear to "intend[] to pursue civil charges," and where the plaintiff had not thrust himself into any public issue. *Id.* at 1126-27. The Anti-SLAPP statute, on its face, presents a different standard than section 527.6. *Compare* Cal. Code Civ. Proc. § 425.16 (referring to speech "in connection with a public issue or an issue of public interest") *with* Cal. Code Civ Proc. § 527.6 (conduct that "serves no legitimate purpose"). Even assuming that similar conduct is covered by the different definitions, however, *Weinberg* is factually inapposite to this case. Principe states in his declaration that he featured OneCoin in his magazine and spoke at one of their events. (Principe Decl. ¶ 3.) Irrespective of whether he was paid for the article or the speech, these activities support a conclusion that he has injected himself into the public debate around OneCoin as a cryptocurrency. And Curry has alleged that he is, indeed, working with law enforcement agencies who are investigating OneCoin. (Opp. at 17.)

Alternatively, Principe argues that the injunction he seeks would not prevent Curry from tweeting about OneCoin, just about him. Curry asserts that his purpose in including Principe in his Tweets is that Principe is a promoter of OneCoin. (Opp. at 16.) Without deciding whether Principe actually promotes or is associated with OneCoin, the Court finds that Curry has a potentially meritorious argument that his purpose in tweeting about Principe as Principe relates to OneCoin is legitimate.

A plaintiff must also show that the complained-of course of conduct would cause a reasonable person to experience substantial emotional distress. At least one California court has imported the definition of "substantial" emotional distress from the context of the tort of intentional infliction of emotional distress, where it is defined as "highly unpleasant mental suffering or anguish . . . which entails such intense, enduring, and nontrivial emotional distress that 'no reasonable [person] in a civilized society should be expected to endure it.'" *Schild v. Rubin*, 232 Cal. App. 3d 755, 762-63 (1991) (quoting *Fletcher v. Western National Life Ins. Co.*, 10 Cal. App. 3d 376, 397 (1910)). The Court appreciates that a reasonable person might experience some emotional distress at the prospect of a stranger on the Internet accusing them of criminal fraud. The Court is skeptical, however, that a reasonable person who experienced this sort of contact via these channels would experience *substantial* emotional distress. Moreover, a reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00608-JLS-KESx                                    Date: January 03, 2018
Title: Chris Principe v. Timothy Glen Curry a/k/a Timothy Tayshun

person would take some action to prevent himself from receiving the messages, such as blocking their sender.  This is particularly relevant in this case, as Principe is complaining about a single account user on various social media entities.  Further, there are no threats of violence or allusions made to future physical confrontations: the entire course of conduct consists of social media contact.  The Court has not found any authority to suggest that social media contact of this nature, alone, would cause a reasonable person to experience "substantial" emotional distress.  In fact, in one case where a court restrained a defendant from engaging in particular actions "within 100 yards of [plaintiff] and members of her immediate family," the defendant's derogatory criticisms posted to the Internet were exempted from the injunction.  *R.D. v. P.M.*, 202 Cal. App. 4th 181, 191 (2011).  This supports the conclusion that derogatory criticisms posted on the Internet alone do not support relief.  Looking to the totality of the circumstances, Principe would not be likely to establish this necessary element of his section 527.6 claim.

Accordingly, the Court concludes that Principe has not shown a likelihood of success on the merits.

    B.  Irreparable Injury

A plaintiff seeking an injunction must show that, absent relief, irreparable injury is not only possible but likely.  Winter, 555 U.S. at 22.  Moreover, the injury must be imminent, not speculative.  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).  Principe claims that he has experienced emotional distress as a result of Curry's Tweets and messages, including "anxiety, depression, and agitation" and lost sleep "because of the timing of the messages."  (Principe Decl. ¶ 23.)  In his supplemental declaration, filed nearly two months later, Principe alleges that Curry "continued to harass [him]" but identifies only four additional Tweets and no contact via WhatsApp or LinkedIn.  He makes no additional allegations as to his emotional distress.  On these facts, the Court cannot conclude that irreparable injury in the form of prospective emotional distress is anything more than speculative.  The volume of tweets appears to have dropped significantly, and the Tweets presented in connection with this declaration would not cause a reasonable person substantial emotional distress.

    C.  Balance of the Equities and the Public Interest

Finally, for an injunction to issue, a plaintiff must show that the balance of hardships tips in his favor and that the injunction would be in the public interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00608-JLS-KESx                              Date: January 03, 2018
Title: Chris Principe v. Timothy Glen Curry a/k/a Timothy Tayshun

Principe argues that the balance of hardships favors him, as Curry would "simply be prevented from inflicting . . . harm" on him but would "still be able to express his personal views in a non-harassing, professional manner." (Mot. at 11.) But Principe has not established a likelihood of success in establishing that Curry's behavior is, indeed, harassment.

It is not appropriate—and indeed would violate the First Amendment—for the Court to engage in tone-policing in this manner. In short, if Curry's speech is not harassment, then it is protected by the Constitution and the injunction would be an impermissible prior restraint. *See Evans v. Evans*,[1] 162 Cal. App. 4th 1157, 1168-69 (2008) (finding an injunction prohibiting publication statements on the Internet constitutionally invalid prior to determination at trial that statements were defamatory). Because the injunction would impair one of Curry's core constitutional freedoms, the balance of hardships tips sharply in his favor. Nor would it be in the public interest to restrain speech in this manner.

Accordingly, Principe has failed to make a showing on any of the four prongs of the preliminary injunction standard, and the Court will not issue an injunction.

## IV.     CONCLUSION

For the reasons stated above, the Court DENIES the Motion.

Initials of Preparer:  tg

---

[1] Principe cites to an unpublished and therefore noncitable California state case, *Burrett v. Rogers,* 2014 WL 411240 (2014), to distinguish a pretrial determination of harassment from defamation. Critically, however, in that case a court issued an injunction where it found that the speech at issue was harassment and therefore not constitutionally protected. Here, the Court does not agree that Curry's speech is harassment within the meaning of section 527.6, so the speech remains constitutionally protected.